IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HUNTLY DANTZLER AND SUSAN DANTZLER** | § § § | |
| PLAINTIFFS, | § § § | |
| V. | § | CIVIL ACTION NO. 1:15-CV-01084-LY |
| | § § | |
| **JOE HINDMAN AND HUNTER WESTBROOK** | § § § | |
| DEFENDANTS. | § § § | |

### DEFENDANTS GILLESPIE COUNTY DEPUTIES SGT. JOE HINDMAN AND HUNTER WESTBROOK'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE YEAKEL:

**NOW COME GILLESPIE COUNTY DEPUTIES SGT. JOE HINDMAN** and **HUNTER WESTBROOK**, Individually, Defendants in the above entitled and numbered cause and files this their Original Answer to Plaintiff's Original Complaint heretofore filed and would respectfully show unto the Court the following:

### I.
### FIRST DEFENSE

Plaintiffs' Original Complaint fails to state a cause of action against these Defendants upon which relief may be granted.

### II.
### SECOND DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** admit that this action purports to arise from alleged violations of Plaintiffs' Constitutional Rights pursuant to 42 U.S.C. §1983 as

alleged in Plaintiffs' Original Complaint; however, Defendants deny that any cause of action exists thereunder.

### III.
### THIRD DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** deny "Introduction," Paragraph 1 of Plaintiffs' Original Complaint. Defendants would show unto the Court that they were conducting a welfare check on a female, who was reported to be in imminent danger. An anonymous caller reported to the Gillespie County Sheriff's Dispatch that an individual named Huntly Dantzler, Jr. had placed two (2) white pills in a female's drink. The anonymous caller stated that he had witnessed Huntly Dantzler, Jr. do this to other women and that the woman became extremely intoxicated when leaving with Dantzler Jr. The caller related to dispatch that the female was in serious danger. Defendants would show unto the Court that based on the exigent circumstances of the female, later identified as Nina Lewis being in danger, that Plaintiffs' civil rights were not violated under the Fourth Amendment, as a matter of law. Defendants deny Plaintiffs' allegations of excessive force, as alleged in their Complaint.

### IV.
### FOURTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** deny "Facts," Paragraphs 9 through 20 of Plaintiffs' Original Complaint. Defendants admit that the incident occurred on May 3, 2015. Defendants were in the process of conducting a welfare check at the Dantzler Residence to determine if the female, later identified as Nina Lewis, was in serious danger as related by the anonymous caller. Defendant Deputies identified themselves to the Plaintiffs and requested simply to search the residence for Dantzler, Jr. based on the exigent circumstances of this case. Huntly Dantzler, Sr. became uncooperative and was restrained by the Deputies and

handcuffed.  Huntly Dantzler Sr. disobeyed the lawful commands of the Defendants by attempting to leave the area, at which time, as Deputy Westbrook restrained Dantzler Sr. by taking him to the ground on the grass.  Defendants did not commit excessive force on Huntly Dantzler, Sr. as alleged in Plaintiffs' Complaint.

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** would show unto the Court that at all times made the basis of Plaintiffs' Complaint that they were acting pursuant to their law enforcement duties as Gillespie County Deputies and Peace Officers of the State of Texas, in performing their discretionary duties and at all times acted in good faith and therefore, they are entitled to the protective shroud of qualified immunity and official immunity, as a matter of law.

## V.
## FIFTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** deny Paragraph 21 through 33 of Plaintiffs' Original Complaint.  Defendant deputies explained to the Plaintiffs that based on the exigent circumstances, they simply needed to determine whether or not Huntly Dantzler, Jr. was in the home or not.  Based on Huntly Dantzler Sr.'s failure to obey the lawful commands, he was restrained and handcuffed.  Plaintiff Dantzler, Sr. continued to refuse lawful commands by walking away from the location and was restrained by Deputy Westbrook.  Defendants deny Plaintiffs' allegations of excessive force.  Defendants would show unto the Court that only the reasonable amount of necessary force was used to restrain Huntly Dantzler, Sr. on the date of the incident in question.

## VI.
## SIXTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** deny Paragraph 34 through 41 of Plaintiffs' Original Complaint.  Defendants would show unto the Court that Plaintiff Susan

Dantzler did eventually allow the Deputies to enter the home to ascertain whether or not Dantzler Jr. was present. Defendant Deputies determined that Dantzler Jr. was not present in the home and the Deputies left the home, unhandcuffed Huntley Dantzler, Sr. Defendant Deputies called for EMS to examine Dantzler Sr.'s wrists, but Dantzler Sr. refused treatment.

Subsequently, it was learned that Nina Lewis and Dantzler, Jr. were in a camper trailer located on the property but some distance from the residence.

## VII.
## SEVENTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** deny "First Cause of Action," Paragraphs 42 through 48 of Plaintiffs' Original Complaint. Defendants assert unto the Court that based on the information given to dispatch and relayed to the Defendant Deputies that a welfare check was attempted under exigent circumstances. Defendant Deputies were in fear that the female, later identified as Nina Lewis, would be subjected to serious bodily injury and perhaps sexual assault. Based on the exigent circumstances, Defendant **SGT. HINDMAN** and **DEPUTY WESTBROOK** acted objectively reasonable from a totality of the circumstances, as a matter of law.

## VIII.
## EIGHTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** would show unto the Court that they are certified peace officers in the State of Texas and licensed under Texas Commission on Law Enforcement (TCOLE). Defendants assert that their actions at the time of the incident in question were justified pursuant the Texas Penal Code, Chapter 9, §9.51, as a matter of law.

## XI.
## NINTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** assert unto the Court that at all times made the basis of Plaintiffs' Complaint that they acted objectively reasonable in conducting a welfare check based on exigent circumstances. Defendant Deputies Hindman and Westbrook exercised their discretionary authority as law enforcement officers for Gillespie County and acted within the course and scope of their duties and at all times acted in "good faith" and therefore, they are entitled to qualified immunity and official immunity, as a matter of law.

## X.
## TENTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** assert unto the Court that only the reasonable amount of necessary force was used to restrain Plaintiff Huntly Dantzler Sr. on the date of the incident in question. Defendants deny Plaintiffs' allegations of excessive force. Defendants would show unto the Court that the only force used was necessary and reasonable when Huntly Dantzler Sr. failed to obey the lawful commands of the deputies at the time of the incident in question. Defendants deny that any of the Plaintiffs were subjected to excessive force, as a matter of law.

## XI.
## ELEVENTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** deny "Second Cause of Action" Paragraphs 49 through 51 of Plaintiffs' Original Complaint. Defendants would show unto the Court that Plaintiffs were not subjected to false arrest, as a matter of law. Defendants further assert their entitlement to official immunity, as a matter of law.

## XII.
## TWELFTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** deny "Third Cause of Action," Paragraphs 52 through 55 of Plaintiffs' Original Complaint. Defendants deny Plaintiffs' allegations of assault and battery under the **TEXAS TORT CLAIMS ACT**. Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** assert that for Plaintiffs' claims based on tort, that sovereign immunity has not been waived under the **TEXAS TORT CLAIMS ACT**, Chapter 101, §101.021, §101.215, §101.026, §101.055, §101.056, §101.057 and §101.106, as a matter of law.

Defendants assert their defenses under the **TEXAS TORT CLAIMS ACT**, Chapter 101, §101.023, §101.024, and §101.106, as a matter of law.

Defendants further assert their defenses under the **TEX. CIV. PRAC. & REM. CODE**, Chapter 41, §41.0105 and Chapter 108, §108.002, as a matter of law.

## XIII.
## THIRTEENTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** assert their defenses under the **TEXAS TORT CLAIMS ACT**, Chapter 101, §101.106 (f). Defendants assert unto the Court that they are not liable for the torts of false arrest and assault and battery as alleged in Plaintiffs' Complaint, as a matter of law. *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011).

## XIV.
## FOURTEENTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** deny the Prayer as contained Plaintiffs' Original Complaint. Defendants assert that the Plaintiffs are not entitled to any of the relief requested, including compensatory, punitive or attorney's fees. Defendants would show

unto the Court that Plaintiffs' are not entitled to attorney's fees under 42 U.S.C. §1988, as a matter of law.

## XV.
## FIFTEENTH DEFENSE

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** herein deny any allegations in Plaintiffs' Original Complaint not specifically admitted herein and demands strict proof thereof as required by law.

Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** herein demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **SGT. HINDMAN** and **DEPUTY WESTBROOK** prays that Plaintiffs' suit be dismissed against them, or in the alternative, that the Plaintiffs take nothing by their lawsuit against then, that Defendants have Judgment herein, that the Defendants be awarded their costs expended, including reasonable attorney's fees and for such other and further relief, both general and special, and at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email:  csfrigeriolaw@sbcglobal.net
         Frigeriolaw1995@sbcglobal.net

BY:    /s/ Charles S. Frigerio
        CHARLES S. FRIGERIO
        SBN:  07477500
        **LEAD COUNSEL**

HECTOR X. SAENZ
SBN:  17514850
ATTORNEYS FOR DEFENDANTS
Defendants **SGT. JOE HINDMAN** and
**DEPUTY HUNTER WESTBROOK**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of December, 2015, I electronically filed the foregoing Defendants' Original Answer with the Clerk of the Court using the CM/ECF system Notification will be forwarded as follows:

Ms. Jerri Lynn Ward
Garlo Ward, P.C.
900 Ranch Road 620 South, Ste. C-206
Lakeway, TX 78734

Mr. Richard T. Miller
Law Office of Richard T. Miller
414 E. Wallace Street
San Saba, Texas 78677

/s/ Charles S. Frigerio
CHARLES S. FRIGERIO

*Huntly Dantzler, et ux v. Joe Hindman, et al*      Civil Action No. 1:15-CV-1084-LY
Defendants' Original Answer      Page 8